*PEYTAVIN* vs. *MAURIN.*

APPEAL FROM THE COURT OF THE SECOND DISTRICT THE JUDGE OF THE EIGHTH PRESIDING.

In a suit on a note twenty four years after it becomes due, if the testimony does not conclusively establish payment, but presents circumstances to induce the jury to infer that fact, their verdict will not be disturbed.

The declarations of the plaintiffs agent are not legal testimony against the defendant, and should be rejected by the court.

Where a witness was permitted to testify to the contents of an account-book, and after judgment, the party moves for a new trial on the ground that he has discovered where the book is, but does not state that if produced it would contradict the statement of the witness, the new trial will be refused.

The plaintiff, as surviving partner of Reymond & Peytavin, instituted suit in 1827, on a note of the defendant given to the late firm, the 13th September, 1806, for $974 37, payable one year after date.

The defendant pleaded the general issue, admitted his signature to the note, but in an amended answer alleged payment.

There was a verdict and judgment for the defendant. The testimony of several persons, formerly in the employ of the late firm of Reymond & Peytavin, shews that payments had been made on account of this note, but none of them positively stated that it had been paid off. A variety of circumstances, and the lapse of time, induced a strong presumption of payment.

The plaintiff moved for a new trial, on the ground of newly discovered evidence. The judge *a quo*, overruled the motion, because the affidavit did not set forth the *nature* of the evidence alleged to have been discovered since the trial.

A witness was offered to prove the declarations of the plaintiff's agent, relative to the books of the firm, which was objected to by defendant as hearsay, and as the mere declarations of an agent. The court sustained the objection, and the plaintiff excepted to its opinion.

The plaintiff appealed.

*Roselius,* for the plaintiff and appellant.

*White,* for the defendant and appellee.

*Porter, J.* delivered the opinion of the court.

This suit was instituted on a promissory note, dated twenty-four years before the filing of the petition. The defence was that it had been paid. Testimony in support of this allegation was offered. It does not clearly nor conclusively establish the fact, but presents circumstances from which the jury, after such a lapse of time, were justified in inferring it. We do not feel inclined or authorized to disturb the verdict.

In a suit on a note twenty-four years after it becomes due, if the testimony does not conclusively establish payment but presents circumstances to induce the jury to infer

H 3

that    fact,    their
verdict will not be
disturbed.
    The declarations
of the plaintiffs a-
gent are not legal
testimony against
the defendant, and
should be rejected
by the court.
    Where a witness
was permittted to
testify to the con-
tents of an account
book,    and    after
judgment the par-
ty    moves for a
new trial on the
ground    that he
has    discovered
where the book is,
but does not state
that if produced it
would    contradict
the statement of
the witness,    the
new trial will be
refused.

A bill of exceptions was taken on the trial to the refusal of the court to permit the declaration of the plaintiff's agent to be given in evidence. They were clearly not legal testimony against the defendant, and no error was committed in rejecting them.

A new trial was moved for on the ground of newly discovered evidence. On the examination of the case before the jury on the 9th day of December, a witness was permitted to testify, without opposition to the contents of an account book. The next day the plaintiff swore that he had discovered the book was in New-Orleans, but does not state that if produced it would, in any respect, contradict the statement of the witness. The court was of opinion that this evidence was not shewn to be of importance; for *non constat*, that it would not have confirmed the witness's evidence. We think the judge did not err.

And it is therefore ordered, adjudged, and decreed, that the judgment of the District Court be affirmed with costs.