**HEIRS OF WELLS vs. COMPTON ET ALS.**

APPEAL FROM THE COURT OF THE SIXTH DISTRICT, THE JUDGE OF THE
FIFTH PRESIDING.

In a sale of a tract of land for a certain price, it is stipulated that the
vendor is not to make a title until complete payment of the price by the
vendee. Proof of payment may be made by parole testimony to show a
performance of the condition on which the title was to be made.

Every fact *en pais.*is susceptible of being proved by witnesses. If a convey-
ance is made on condition that the alienee shall build a house, proof of
the performance of the condition must necessarily be made by witnesses.

Payment may be proved by parole testimony of the declarations of the
payee made in his life-time that he had been fully paid, and by the pre-
sumptions arising from circumstantial testimony and lapse of time.

The plaintiffs sue for the recovery of one thousand five
hundred arpents of land on Bayou Bœuf, on which the defen-
dants reside, and which was purchased from the plaintiffs'
ancestor, Levi Wells, as appears by written agreement dated
20th January, 1808, but not recorded until 1815. The
agreement was conditional that no title was to be made to the
land by the vendor, until complete payment. The price
stipulated was three thousand dollars, payable in three instal-
ments.

The plaintiffs allege not more than the first instalment is
paid, (one thousand dollars,) and that the conditions under
which the defendants took the land is forfeited. They pray
that they may be put in possession of the land and quieted
therein, and for damages, &c.

The defendants aver they purchased the land in 1808, pay-
able in three instalments; had made complete payment, and
complied with the conditions of sale. That they had pos-
session delivered to them, which accompanied the sale, and
pray that if any further steps are necessary to perfect the title
that they may have it made complete.

Parole evidence was offered and received to prove full and
complete payment on the part of the defendants. It con-
sisted of one witness, who testified he heard Wells in his life-

time acknowledge he had been paid; and of his executor, who deposed he was sure he was paid, and some other circumstances tending to show that the whole debt had been long paid. There was judgment for the defendants, and the plaintiffs appealed.

*Briggs*, for the plaintiffs.

1. This suit is instituted to recover possession of a tract of land sold to one of the defendants by Levi Wells, in 1808, on a conditional agreement that a title should be made on full payment by the vendee in the years 1810, 1811, and 1812. That condition has not been performed.

2. There was no title made by Wells to Compton, and none was to be made, until the conditions of the obligation were fully complied with on the part of Compton.

3. That as the title to the land depended on the compliance with the conditions of the agreement, no parole evidence of payment could be received, because the title to the land rested upon the performance of that condition; if the evidence was admitted, it would be virtually recognising the power to convey land by parole agreement, which is contrary to law.

*Boyce*, for the defendants.

1. The act between the ancestor of the plaintiffs and the defendant was clearly a sale, followed by possession; and in all the subsequent transactions considered as such between them. It is so termed in the written receipt given in part payment.

2. The fact of entire payment, is clearly proved by written testimony, and that of coroborating circumstances by two witnesses.

3. It has frequently been decided that payments of the price of immoveable property may be shown by parole testimony.

*Winn*, on the same side.

1. Proof of payment may be made by witnesses, when the same exceeds five hundred dollars, and when it goes to support an implied contract. *Pannel* vs. *Coe et als.* 1 *Martin, N. S.* 616.

2. A sale under private signature is binding, though it recites the intention of the parties to have a notarial act

executed. 6 *Martin,* 10. 1 *Pothier on Obligations,* 12. 6 *Martin, N. S.* 440.

3. A synallagmatic *sous seing privé* act followed by execution is not null, though made single ; but is good as a commencement of proof in writing ; and payment may be proved by parole. 4 *Martin, N. S.* 203. 8 *Touillier, no.* 320—2. 3 *Martin, N. S.* 517. 12 *Martin,* 713.

4. A sale is considered perfect as soon as there is an agreement for the object and for the price, though no delivery or payment has been made. *Civil Code,* 346, art. 40. *Domat,* 1, *lib.* 27, *tit.* 2, § 1. *Ibid, lib.* 16, *tit.* 1. *art.* 8.

5. Synallagmatic agreements, the dissolving condition, is always understood. In this case, it is only expressed. But the dissolution must be sued for at law, and the defendants may be allowed to delay it. *Domat, lib.* 1, *tit.* 1, § 4, *no.* 18. *Pothier on Ob. no.* 636. 6 *Touillier, no.* 580.

6. The expression that Wells retains the title is nothing, and can have no more effect than if it had been a conditional sale without the resolution implied, instead of being expressed. The force and effect would be precisely the same. 6 *Touillier, no.* 547. *Ibid,* 472. *Civil Code,* 274: art. 84.

7. Every condition must be performed in the manner that it is probable the parties intended it should be. And if no time is limited for the condition to happen in, it is not broken, it is certain the event never will happen. *Civil Code,* 272, *art.* 75. *Ibid,* 272, art. 76. *Code Nap.* 1177. The vendor may put the purchaser in delay. 6 *Touillier,* 641.

8. But we show payment and performance of the condition by two witnesses and a written receipt of the vendor, and lapse of time. 3 *Starkie,* 1089.

*Bullard,* for plaintiffs in reply and in conclusion.

1. The instrument or memorandum of agreement relied on by the defendants is a mere promise to sell, on the payment of three thousand dollars, in three equal instalments.

2. The proof of these payments, except one thousand dollars, depends on proof of the extra judicial confessions of the ancestor of the plaintiffs, out of the presence of the other party.

3. The court ought not to give effect to loose evidence of such confessions. Even a written receipt in the usual form would not at that time have been conclusive evidence of the payment without an express renunciation of the exception *"non numeratâ pecunia."* *Curia Phil. verbo paga*, page 388, no. 29.

*Martin, J.* delivered the opinion of the court.

The plaintiffs, heirs at law of Levi Wells, deceased, claim a tract of land in the possession of the defendants.

The answer admits that the land claimed once belonged to the plaintiffs' ancestor, but that the defendants acquired title from him by an act of sale for the price of three thousand dollars, which they duly paid.

There was judgment for the defendants, and the plaintiffs appealed.

The appellees introduced a document styled, "memorandum of an agreement, and bargain, and sale," between the plaintiffs' ancestor and one of the defendants, in the year 1808, by which the former sells to the latter, all his right, title, and interest, in and to the premises, for the sum of three thousand dollars, payable in three annual instalments, on the first days of January, 1810, 1811, 1812 ; and it was agreed, that the title to the premises should remain in the plaintiffs' ancestor, until payment be fully effected. That the defendant should, at his own risk, proceed and continue to improve the premises and cultivate them, without the vendee being liable on that account, or in case the title to the premises should fail.

The appellants complain, that the district judge erred, in allowing parole evidence of the payment ; and his counsel has relied on            and has contended, that as the vendor did not give his assent to the vesting of the title, until payment, proof of payment is proof of his assent; which cannot be established, without a private or public act.

It is clear the deed establishes a sale which depended on the performance of a condition, the payment of the price. This, like every other fact, was susceptible of being proved by witnesses. If a conveyance is made, on condition that

In a sale of a tract of land for a certain price, it is stipulated that the vendor is not to make a title until complete payment of the price by the vendee. Proof of payment may be made by parole testimony to show a performance of the condition on which the title was to be made.

HEIRS OF WELLS
*vs.*
COMPTON ET ALS.

Every fact *en pais* is susceptible of being proved by witnesses.

If a conveyance is made on condition that the alienee shall build a house, proof of the performance of the condition must necessarily be made by witnesses.

the alienee shall build a house, proof of the condition must necessarily be made by witnesses.

The appellant has urged, that admitting parole evidence to be proper, the judge has drawn an erroneous conclusion from it ; and that there is no proof of payment.

The appellees have produced, in evidence of payment, their vendor's receipt for one thousand dollars.

They have introduced two witnesses, who depose that the plaintiff's ancestor told them he had received full payment for the land.

The appellant's counsel has conceded that a payment of one thousand dollars was made, as evidenced by their ancestor's receipt.

He has contended, that as to one of the witnesses who deposed to the admission that payment was received in full, very little credit ought to be given to his deposition ; because he swears that shortly after the payment evidenced by the receipt, was made, the vendor said it was in full payment, which the receipt says it was on account.

As to the other witness, he is a brother of the defendants, and it is proved, that he declared in conversation, that "he knew nothing himself about the payment of the land by his brother, but thought the debt must have been paid, and Miller knew of the payment."

A witness who relates the declarations of a man, who has ceased to live, made in his, the witnesses' presence, out of that of any other person, has nothing to apprehend of a conviction of perjury. He has nothing to fear from human laws, consequently his testimony cannot command that confidence, which results from the danger, to which witnesses express themselves in other cases.

In the present case, suit is brought eighteen years after the last instalment became payable. But the death of the plaintiffs' ancestor three years after, and the minority of the plaintiffs afterwards, lessen the presumption of payment, which results from this long delay.

The testimony of the two witnesses cannot, notwithstanding the objections to their credibility be set down as nought. They swear positively. If the ancestor of the plaintiffs was

not a man of business, he may well have given a receipt for the last instalment on account, instead of in full payment. The presumption that he did so, is stronger than that a man whose character stands unimpeached and is perfectly disinterested, did forswear himself. The brother might have been ignorant of the fact that his deposition of the vendor's confession could establish the payment. He declares in the conversation referred to, that he knew nothing of the payment himself; he believed it was made, and Miller could prove it.

But a third witness, Miller, corroborates the deposition of the two first. He was an intimate friend of the plaintiffs' ancestor, and one of the executors to his will. He declares he has always been under the impression, the debt was paid to the plaintiffs' ancestor, and is not sure it did not pass through his hands. At the death of his testator, he would surely have looked to the payment of that debt had he not been convinced that it was paid. Wells was at the time, as Miller informs us, pressed for money, and the defendants fully able to pay. They are sworn to be punctual in their dealings.

It is in evidence that one of the defendants was co-executor with Miller to the plaintiffs' ancestor. This mark of his confidence, three years after the last instalment become payable, weighs a little as a presumption that the debtor had not neglected his duty towards his creditor and friend in the time the latter was in need.

Facts that may afford presumptions of payment, acquire force as the day of payment becomes more distant—*viris acquirunt eundo*.

In the present case the district judge has concluded that the payment was made. He had the positive testimony of two witnesses, of whose credibility he was a better judge than we can be. Strong presumptions added to this, determined him *in favorem solutionis*, which is favored in law. In such cases we have generally, if not universally, conformed our judgment to his.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.