CHARLES M. AND HANNAH M. BIDDLE, PROSECUTORS, v. THE MAYOR AND COUNCIL OF THE BOROUGH OF RIVERTON.

1. Boroughs formed under the act of April 2d, 1891 (*Pamph. L.*, p. 280), are not empowered by the act of March 28th, 1892 (*Pamph. L.*, p. 322), to issue bonds, the proceeds of which are to be used for the purchase or erection of an electric plant for lighting either the houses, stores, &c., of the citizens or the streets and alleys of such boroughs.

2. The act of March 28th, 1892, gives authority to any borough to issue bonds, the proceeds of which are to be used for certain specified purposes. It requires the borough council, before issuing such bonds, to submit, by ordinance, to the vote of the electors of the borough, the question whether or not such bonds should be issued. One of the conditions precedent to the passage of such an ordinance is the presentation to council of a petition or consent, signed by the owners of property in the borough amounting to more than one-half the taxable value of all the property therein as shown by the assessor's duplicate of the preceding year. *Held*—

1. That when such a borough has been formed since the last preceding assessment for taxes, the duplicate of the assessor of the township out of which such borough has been formed, is the duplicate intended by the act; and

2. That if council, at the passage of such an ordinance, had before it a petition and consent, signed by the owners of the requisite amount of taxable property, and communications from four of the signers, retracting such consent and desiring their names to be removed from the petition, no power existed to pass the ordinance if the taxable value of the retracting signers, when deducted from the taxable value of the property shown by the petition, reduced the latter below the amount required by the act.

3. A taxpayer in such a borough is entitled to a *certiorari* to review such an ordinance and the proceedings touching the same.

---

*Certiorari* bringing up an ordinance of " The Mayor and Council of the Borough of Riverton," directing an election to be held in that borough to determine for or against the issuance of improvement bonds for electrical lighting of the borough and the proceedings concerning the same. The return shows that an election was held under the ordinance, resulting in a majority in favor of issuing such bonds.

Argued at June Term, 1895, before Justices VAN SYCKEL, MAGIE and LIPPINCOTT.

For the prosecutors, *Mark R. Sooy.*

For the borough, *Clarence T. Atkinson.*

The opinion of the court was delivered by

MAGIE, J.   Counsel for the borough first contend that the *certiorari* in this case was improvidently allowed.

The borough was incorporated under the "Act for the formation and government of boroughs," approved April 2d, 1891. *Pamph. L., p.* 280; *Gen. Stat., p.* 236. The proceedings before us were taken under the provisions of the "Act concerning boroughs," approved March 28th, 1892. *Pamph. L., p.* 322; *Gen. Stat., p.* 275. The latter act authorizes the issue by any borough of improvement bonds, the proceeds of which are directed to be appropriated by its council to the payment and cancellation of indebtedness incurred or to be incurred for certain specified purposes. It provides for an election at which the voters of the borough may vote in favor of or against the issue of such bonds, and that if a majority vote against such issue it shall not be made.

The ordinance shows the purpose of the issue of the proposed bonds to be " the purchase and erection of an electric light plant for lighting said borough."

It is thereupon contended, first, that prosecutors have no standing to sue out this writ. But it is now settled that, after the allowance of a *certiorari,* the right of prosecutors to the writ will be assumed in the absence of proof to the contrary. *Avon* v. *Neptune City,* 28 *Vroom* 362; *S. C., Id.* 701. There is no such proof. On the contrary, it appears that prosecutrix is the owner of taxable property in the borough. As such she may prosecute a *certiorari* to review this proceeding, which tends to burden the taxing district with debt. *Middleton* v. *Robbins,* 25 *Vroom* 566. If the other prosecutor, who is her husband, is improperly joined, or if the writ should be endorsed in the name of the state, the error is amendable. *Long Branch* v. *Sloane,* 20 *Id.* 356, and cases.

It is next contended that although the election resulted in favor of the issue of bonds, yet that the council is not bound to issue them, because it still has a discretion whether or not to purchase and erect the electric plant proposed; that the discretion may be exercised against such purchase or erection, in which event no bonds could be issued, and that prosecutrix, although a taxpayer, is not now injured, and perhaps never may be injured, by these proceedings.

It may be questioned whether this construction of the act

of 1892 is admissible, and whether council could not be compelled by *mandamus* to proceed with the scheme to which a majority of the voters have given their adhesion.

But the contention cannot prevail. It has been settled in the Court of Errors that when a proceeding of such a character is put in motion, which, in its outcome, is calculated to specially touch a person adversely, he may prosecute a *certiorari* for its review before final .action, although there is no certainty that such final action will be taken. An order for an election under the Werts law, to determine whether the minimum fee for license in a township should not be $5,000, was allowed to be questioned by *certiorari*, although no election had been held, and there was nothing to show that if held it would have resulted in fixing that minimum. *Middleton* v. *Robbins, ubi supra.* The case before us is stronger, for the election has been held, and the bonds may, and perhaps must, be issued.

We must therefore examine prosecutors' objections to the ordinance and proceedings.

It is first contended, in their behalf, that the borough is not empowered to " purchase or erect an electric light plant for lighting the borough," to meet the expenses of which these bonds are proposed to be issued. If this be so, the ordinance is *ultra vires.*

Among the powers conferred upon boroughs formed under the act of 1891, is included that of passing ordinances " for lighting the streets and alleys " in the borough. *Pamph. L.,* p. 281, § 17 ; *Gen. Stat., p.* 239, § 337.

Counsel of the borough concedes, in his brief, that the true intent of the ordinance is to provide means for procuring an electric plant, not only to light its streets and alleys, but also to supply its citizens with electric lighting in houses, stores, &c., and contends that this is within the power of the borough. If this be the scheme, the contention cannot be maintained. The grant of power extends no further than to the lighting of streets and alleys, and the grant thus expressed excludes any implication that it extends to any other purpose.

Every act in excess of the exercise of the power as granted is obviously *ultra vires.*

But it is not clear that this admission of counsel should be accepted as determining the purpose of this proceeding. The ordinance declares that the plant to be purchased or erected is to be for "lighting said borough." This may be construed— not unreasonably—to intend such lighting only as there was power to do. If the secret purpose of council extended to unauthorized acts, it could doubtless be restrained within the limits of its actual authority. The question, then, is whether the borough has been endowed with power to purchase or erect an electric plant for the purpose of lighting its streets and alleys.

The Borough act of 1891 not only gave power to any borough formed thereunder to light its streets and alleys, but also to lay pipes through streets for the conveyance of gas, and to provide for the erection and maintenance of gas works. It is argued from this that the power to light streets and alleys is restricted, and that gas only can be used for that purpose. But this is too narrow a view of these provisions of the act. The express power to light streets and alleys doubtless includes by implication what is reasonably appropriate for that purpose, if not prohibited or negatived in other parts of the act. So, doubtless, the borough could erect posts and supply lamps to burn oil to light streets and alleys. Perhaps it could use electric power supplied by private persons or corporations for that purpose. But lighting by gas requires a manufacturing plant, with the means of transmitting the gas by pipes. So, lighting by electricity requires a plant furnishing power and means of transmission by wires, &c. The express grant of power to procure the plant and means of transmission in case of the use of gas, in my judgment excludes the notion of an implied grant in the other case. The legislature has failed to confer on such boroughs the power to purchase or erect an electric lighting plant.

The act of 1892, under which this proceeding was taken, gives no greater power. The sole purpose of that act is to

grant to all boroughs the power of issuing bonds to meet expenses incurred under the powers conferred or to be conferred upon them.

The supplement to the Borough act of 1891, which was approved February 28th, 1893, does not extend the power of these boroughs in respect to the matter involved in this contest. *Pamph. L.*, p. 65; *Gen. Stat.*, p. 245.

The result is that the ordinance and the proceedings dependent thereon cannot be sustained.

While the case is thus disposed of, it will not be amiss to discuss another objection by prosecutors, which involves an important matter of practice in these proceedings.

The power of the borough council to direct an election, under the act of 1892, depends upon two precedent conditions. It must first have passed a resolution fixing the amount of bonds it deems necessary to issue. Next, it must have received and filed a petition or consent in writing, signed by the owners of more than one-half in value of the taxable property in the borough, as shown by the assessor's duplicate for the preceding year.

This borough had been formed since the last preceding assessment for taxes. There was no assessor's duplicate for the preceding year except that of the assessor of the township out of which the borough had been formed. The contention is that such duplicate is not that intended by the act of 1892, and, therefore, that the second condition precedent to the passage of the ordinance did not and could not exist. But this contention cannot prevail. The act will be satisfied by any duplicate which shows the taxable value of property in the borough in the preceding year, by whomsoever made. The township duplicate filled the requirements of the act.

It appears that, on December 31st, 1894, the day when the ordinance in question passed, a paper signed by owners of taxable property in Riverton, was presented and filed. It purported to give consent to the issue of bonds proposed by the ordinance. Taking the taxable value of the property in the borough to be the amount counsel for the borough claims

to be shown by the township duplicate of the preceding year, the paper presented to council footed up to over one-half thereof.

But that paper had been signed before December 26th, 1894. Council met on that day, and, although the paper was not then presented, the members knew of it. Four of the persons who had signed it, by communications in writing presented to the council on that day, gave notice that they withdrew their consent and request, and desired their names to be removed from the paper. Without their names, the paper would not be signed by the owners of the required amount of taxable property.

On December 31st, 1894, council having before it this paper, and also the communications of four of its signers, withdrawing their consent and request indicated by their signatures, passed the ordinance in question. In my judgment, it exceeded its powers in so doing, for it did not have before it the petition and consent of the required number of owners of taxable property. The consent appearing from the petition was negatived by the other communications.

For this reason, also, the ordinance and proceedings must be set aside.