THE STATE, SAMUEL L. GILLEN, PROSECUTOR, v. THE MAYOR AND COUNCIL OF THE BOROUGH OF SPRING LAKE.

Under the eightieth and ninetieth sections of the Borough act of 1897 (*Pamph. L.*, p. 285), a definite plan for the construction of a system of sewers must be submitted for approval to the voters before it can be undertaken by the borough council.

On *certiorari* to review an ordinance of the borough of Spring Lake.

Argued at November Term, 1897, before Justices VAN SYCKEL, DIXON and COLLINS.

For the prosecutor, *Garret D. W. Vroom* and *James Buchanan.*

For the defendants, *Frank Durand* and *Richard V. Lindabury.*

The opinion of the court was delivered by

VAN SYCKEL, J. The validity of the following ordinance is controverted in this case:

"An ordinance providing for the construction of a system of sewers and drains in the borough of Spring Lake.

" WHEREAS, in the judgment of the council of this borough the public good demands that a system of sewers and drains should be constructed in this borough; therefore,

" Be it ordained by the mayor and council of the borough of Spring Lake—

"*First.* That this borough cause to be constructed in the borough of Spring Lake a system of sewers and drains.

" *Second.* That this ordinance shall take effect on the 2d day of August, 1897, but shall remain inoperative until con-

sented to in writing by the owners of a majority of real estate in the borough of Spring Lake, according to its assessed valuation, as contained in the latest preceding assessment for the purpose of taxation made in this borough, and until the same shall have been assented to by a majority of the legal votes cast at an election held in this borough for that purpose.

"Passed and approved July 19th, 1897.

"E. V. Patterson, *Mayor.*

"Attest: H. C. Van Arsdale, *Clerk.*"

The construction of the Borough act of 1897 is involved in this dispute. *Pamph. L., p.* 285.

The point first taken· by the prosecutor is that this ordinance was not, before its passage, consented to in writing by a majority of the real estate owners in the borough, and also because it was not, before its passage, assented to by a majority of the legal voters at a general or special election.

Section 80 of the Borough act provides that "whenever in their judgment the public good demands it, the council may, by ordinance, cause a trunk sewer or lateral connecting sewers, or a system of sewers and drains, to be constructed in any part of the borough."

Section 90 provides that "it shall not be lawful for the council to construct or purchase any water works or water-supply plant, sewers or system of sewerage and drainage, until there shall have been presented to the council the consent thereto in writing, signed by the owners of a majority of real estate in said borough, according to its assessed valuation, as contained in the latest preceding assessment for the purpose of taxation made in said .borough, nor until the same shall have been assented to by a majority of the legal votes cast for or against the proposition of construction, purchase or contract, at any general or special election held in said borough."

If the ordinance had been so drawn that an affirmative vote upon it would have been effective as a consent under section 90, to what the council is authorized to do under section 80, the objection above noted would lose its force. The

ordinance in that case could stand as an expression of the popular will, and after approval a supplemental ordinance could be passed directing that the work be done accordingly; but other reasons relied on disclose the defect in the ordinance which renders it, in our judgment, abortive.

The majority vote upon the ordinance certified shows, merely, that some system of sewerage is favored, but it cannot be inferred that the affirmative vote would have been obtained if the voters had been advised of such facts as would have enabled them to form an intelligent judgment upon the merits of the scheme. The question to be submitted was not whether the people desired to have the borough sewered, but whether they favored a system of sewerage, and they had a right to know what the system was before they could be called upon to elect.

The power given by section 80 is "to cause a trunk sewer or lateral connecting sewers, or a system of sewers and drains, to be constructed in any part of the borough," with the approval of the real estate owners and voters, as prescribed by section 90.

The ordinance as passed provides, generally, that a system of sewers and drains shall be constructed. It does not specify what the system shall be, nor what portion of the borough will be drained by it, nor its estimated cost.

The ninetieth section requires the assent of real estate owners and voters to the system of sewers which the borough council proposes to construct.

The question which must be submitted for such approval is whether the system shall be adopted. Until a system is chosen by the council, no assent can be given to it under section 90, and no vote can be cast until a system is formulated and presented to the people for their acceptance.

Plans and specifications must be voted upon. All voters might agree that sewerage is desirable, while the majority might be hostile to the system which the council had in contemplation.

It cannot be supposed that the legislative intent was to

require voters to approve something of which they had no knowledge and which it might be the council itself had not definitely determined upon.

The ninetieth section requires the same assent to the system of constructing sewers that is necessary to the purchase of water works or sewers, and it cannot reasonably be contended that a submission for approval to purchase would satisfy the statute without specifying the terms upon which it was proposed to consummate such purchase.

Every one upon whom the burden of the cost of the work will fall has a right to demand the assent of landowners and voters to a definite scheme.

The suggestion that, under such a rule, every alteration rendered necessary by unforeseen difficulties in the progress of the work would have to be submitted to a vote is without force. Such changes, which are incident to every work of magnitude, are necessarily left to the discretion of those whose duty it is to see that the sewers are constructed in substantial accordance with the adopted plan.

The ordinance as passed neither confers authority to proceed with the proposed work nor is it a valid mode of submission under the ninetieth section of the Borough law of 1897, and therefore it should be set aside.