JOHN O. WILSON ET AL., DEFENDANTS IN ERROR, v. THE MAYOR AND COUNCIL OF THE BOROUGH OF COLL-INGSWOOD, PLAINTIFF IN ERROR.

Submitted March Term, 1911—Decided June 19, 1911.

Where a borough proposes to construct water works and issue bonds therefor, and the case is one to which the act of 1909 (*Pamph. L.*, p. 457), requiring the approval of the state board of health, and the act of 1910 (*Pamph. L.*, p. 551), requiring the approval of the state water-supply commission, are applicable, the approval of those boards must be secured in advance of the election to authorize the construction of the works and the issue of the bonds to pay therefor.

On error to the Supreme Court, whose opinion is reported in 51 *Vroom* 626.

For the plaintiff in error, *Francis D. Weaver.*

For the defendants in error, *Collins & Corbin* and *Wilson & Carr.*

The opinion of the court was delivered by

SWAYZE, J. Without expressing an opinion upon the matters dealt with by the Supreme Court, we think it advisable to deal with the question expressly reserved, whether the plans of the proposed water works should have been submitted to the state board of health and state water-supply commission before they were voted upon.

The object of the legislation in requiring an issue of bonds and a proposal for the construction of water works in boroughs to be submitted to the voters for their approval must have been to secure intelligent action by those who would be responsible for and burdened with the cost of the improvement. The proposal must therefore, as we have held, be sufficiently definite to apprise the voters with substantial accuracy of what they are called upon to approve. *Gillen* v. *Spring Lake,* 32 *Vroom* 392; *Frelinghuysen* v. *Morristown,* 47 *Id.* 271, 280; 48 *Id.* 493. The latter case involved the construction of sewers, but the principle is applicable to the present case. The plans for the water works for Collingswood involve a filter plant for the removal of matters in suspension, such as iron or other impurities. This evidently is what the act of 1909 (*Pamph. L., p.* 457), by section 3, calls a purification plant. That act requires that any corporation, including a municipal corporation, intending to furnish water for potable purposes, shall submit to the state board of health a detailed report containing all information regarding the source from which supply is to be derived, and enacts that until such source has been approved by the state board of health, it shall be unlawful to distribute the water for potable purposes. Section 3 requires the corporation to submit detailed plans and specifications for the purification plant to the state board of health and forbids construction or operation until the plans and specifications shall have been approved.

By the act of 1910 (*Pamph. L., p.* 551), it is enacted that no municipal corporation proposing to supply its inhabitants with water from wells or percolating sources shall have power to condemn lands or water for or divert from any new or additional source of water-supply until it has submitted to the state water-supply commission descriptions thereof and the commission shall have approved the same. These acts make it necessary for the borough of Collingswood, before it can supply its inhabitants with water from the sources and in the manner proposed, to secure the approval of these two state boards. The plaintiff in error does not question this, but rests its case upon the view that that approval need not be secured in advance of the election to authorize the construction of the works and the issue of bonds to pay therefor. We think otherwise. Any plan that may be submitted to the voters prior to that approval is necessarily only a tentative plan, since it is open to either of the two state boards to reject it. The vote, therefore, instead of being an intelligent vote upon a definite plan, is necessarily merely a conditional vote and is subject to the condition that the approval of the state boards shall be secured.

It is argued that the judgment, even though the resolution submitting the question of the construction of water works be set aside, should not go so far as to set aside also the resolution providing for the issue of bonds. It is to be observed that although the resolution relating to the bonds was passed April 1st, it was also embodied in the later resolution for the construction of water works passed April 15th, and even the resolution of April 1st showed on its face that the proceeds of the bonds were to be used for the payment of indebtedness incurred by the borough in the construction of the proposed water works. The bonds were an incident of the scheme for water works, and if that scheme fails, no vote upon an issue of bonds would be necessary. The reasoning of Mr. Justice Magie, in *Biddle* v. *Riverton,* 29 *Vroom* 289, is applicable.

For these reasons we think that the proceedings were properly set aside, and the judgment of the Supreme Court is therefore affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, VOORHEES, MINTURN, BOGERT, VREDENBURGH, CONGDON, SULLIVAN, JJ. 11.

*For reversal*—None.