HERMAN WALKER, PROSECUTOR, v. THE TOWNSHIP OF NORTH BERGEN IN THE COUNTY OF HUDSON ET AL.

Argued November 8, 1912—Decided March 12, 1913.

1. The township of North Bergen, by resolution, awarded a contract to Edward P. O'Neill for the construction of a sewer under the west sidewalk of the Hudson county boulevard where the same traverses the township, without having obtained the consent of the board of boulevard commissioners to the plan of work. to be done by the township under the contract. The contract also imposed upon the taxpayers the cost of shifting the water pipes of the Hackensack Water Company and the gas pipes of the Public Service Company. *Held*, that the Hudson county boulevard being a public road constructed under the laws of 1888 (4 *Comp. Stat., p.* 4503), and governed by the supplement thereto of 1892 (4 *Comp. Stat., p.* 4515, *pl.* 222 *et seq.*), requiring sewers and sewer connections beneath the surface of any public road constructed under the act of 1888 to be in accordance with a plan previously adopted by the board of chosen freeholders of the county, the powers of which board, by the act of 1898 (4 *Comp. Stat., p.* 4526), having been transferred to and vested in the board of boulevard commissioners, the award of the contract without having first obtained the consent of the boulevard commissioners was unauthorized.

2. That the contract imposed upon the taxpayers an improper burden of expense, in that it saddles the taxpayers with the cost of shifting the water pipes of the Hackensack Water Company and the gas pipes of the Public Service Company, private corporations, neither of which has a vested right to have its pipes remain under the public highway undisturbed when the public good or necessity requires that they should be shifted or relocated, and therefore the expense of such shifting or relocation should be borne by the companies owning them and not by the taxpayers.

---

On *certiorari.*

Before Justices SWAYZE, VOORHEES and KALISCH.

For the prosecutor, *Collins & Corbin.*

For the defendants, *William D. Edwards.*

The opinion of the court was delivered by

KALISCH, J. The township of North Bergen, by resolution, awarded to Edward P. O'Neill a contract for the construction of a sewer under the west sidewalk of the Hudson county boulevard where the same traverses the township. The proceedings appear to have been taken under the act of 1902. *Pamph. L., p.* 466; *Comp. Stat., p.* 5621.

The Hudson boulevard is a public road constructed under the laws of 1888. *Comp. Stat., p.* 4503. By a supplement of 1892 (*Comp. Stat., p.* 4515, *pl.* 222 *et seq.*), sewers and sewer connections beneath the surface of any public road constructed under said act of 1888 have to be in accordance with a plan previously adopted by the board of chosen freeholders of the county. By an act passed in 1898 (*Comp. Stat., p.* 4526), the powers of the board with respect to such county roads have been transferred to and vested in the board of boulevard commissioners. The prosecutor attacks the legality of the award of the contract because the township made such award before it had obtained the consent of the board of boulevard commissioners as is required under the act of 1892. *Comp. Stat., p.* 4515, *pl.* 222 *et seq.*

It appears that the consent of the board of boulevard commissioners had not been obtained to the plan of work proposed to be done by the township under the contract.

It is also clear from *placitum* 222 *et seq.,* that the township has no right to interfere with the boulevard without the consent of the board of boulevard commissioners.

The reasoning of the Court of Errors and Appeals, in an opinion by Mr. Justice Swayze in *Wilson* v. *Collingswood,* 52 *Vroom* 634, is applicable to the facts of this case and is authority for our holding that the lack of consent as above

indicated of the board of boulevard commissioners makes the award of the contract invalid.

A further contention of the prosecutor is that the contract as awarded imposes upon the taxpayers an improper burden of expense, in that it saddles the taxpayers with the cost of shifting the water pipes of the Hackensack Water Company and the gas pipes of the Public Service Company. This contention is sound. These companies are private corporations. They exercise functions of a public nature in the distribution of water and gas to the public. This feature of their business, however, does not give them a vested right to have their pipes remain under the public highway undisturbed when the public good or necessity requires that they should be shifted or relocated. For aught that appears in this case these companies are mere licensees. It will therefore be presumed that they laid their pipes under the public highway subject to the paramount use of such highway by the public. Under such conditions a natural sense of justice demands that the expense of shifting and relocating the pipes should be borne by the companies owning them, and not by the taxpayers.

This doctrine is clearly enunciated in *New Orleans Gas Light Co.* v. *Drainage Commission of New Orleans,* 197 *U. S.* 453.

For the reasons stated, the resolution and contract will be set aside, with costs.