FERNAND WHITE

 vs. **7623** No. 7623

JOHN E. ALLEN.

November 6th,1919.

**7623**

CHARLES F. CLAIBORNE, JUDGE.

This suit was filed October 31st, 1916. The plaintiff alleged that on July 9th, 1914 the late Charles R. Kennedy employed him, in writing, to sell a certain property, and agreed to pay him a commission of three per cent on the price of sale if sold before July 13th, 1914; that in pursuance of said employment petitioner procured Mrs. Pierre Bagur as a purchaser for $7000 before said date, and the sale to her was consummated on August 12th, 1914 for said price; that subsequently the said Kennedy died leaving as universal legatee the defendant herein, John E. Allen, who has been recognized and put in possession as such of all the property left by said Kennedy; that neither the said Kennedy nor the said Allen has paid the claim notwithstanding amicable demand.

The truth of the allegations was attested by the plaintiff.

The defendant admitted that Kennedy was dead and that he was his universal legatee; but denied all the other allegations of the petition.

There was judgment for plaintiff and defendant has appealed.

The document sued on is in the following words:

"New Orleans, July 9th, 1914.

Mr. F. White

Dear Sir,

I hereby authorize you exclusively to sell my real estate, described as follows: No. 1202 M. Dorgenois Street - description: one story cottage corner Hospital St. If the above property is sold by me or any other person during the time it is in your hands Tuesday July 13, 1914, from date hereof, I bind myself to pay you 3 per cent commission on account

46

of sale.

Yours very truly,

" Signed " Chas. R. Kennedy.

Albert Bagur, a brother-in-law of Mrs. Pierre Bagur, testified that he acted for her in the purchase of the property; that his negotiations were with the plaintiff Fernand White alone, who sold the property to him; the agreement of sale was made upon July 11th, 1914 and on that day he gave him a check for $700 representing a ten per cent deposit. Fernand White did not testify; on the day of the trial he was dead.

The defendant offered no evidence. His argument is that plaintiff's delay in filing this suit and his inaction until after the death of Kennedy made his claim suspicious and required that it be established with more than reasonable certainty. Such is the jurisprudence fixed by a long line of decisions. 5 A., 140; 7 A., 555; 10 A., 279; 14 A., 317, Succession Rice; 38 A., 1005; 39 A., 684; 40 A., 560; (570); 41 A., 248, 489, 657 (662); 50 A., 1220 (1226); 52 A., 1766; Manning's Unr. cases 98; 121, 339; 114 La., 608; 30 Cyc 1273 *17 Cyc 753. This jurisprudence has been crystallized into law by Act No. 207 of 1906 p. 361, which reads as follows:

> "That from and after the promulgation of this Act, parol evidence shall be incompetent to prove any debt or liability upon the part of a party deceased, except it consist of the testimony of at least one credible witness of good moral character besides the plaintiff; or except it be to corroborate a written acknowledgment or promise to pay signed by the debtor; or unless an action upon the asserted indebtedness shall have been brought within a delay of twelve months after the decease of the debtor".

But we are of the opinion that the plaintiff has satisfied the exigencies of both the jurisprudence and the statute. The contract of employment and the compensation stipulated are in writing and the genuineness of the document and of the signature are admitted; and it is established with absolute certainty by the testimony of a credible witness that the work contemplated

47

by the contract was performed by the plaintiff. His delay
in urging the claim may be explained by the fact that Ken-
nedy was detained by sickness at his home when the act of
sale was passed, and perhaps his illness continued up to
the time of his death. Under these circumstances the plain-
tiff might well have hesitated to press his claim. *109 La 521 -*

The defendant argues that by reason of this delay
plaintiff must prove that his claim was not paid. Such is
not the law. Article 2232 (2229) of the Civil Code reads as
follows:

*22a 106. 23a*
*84 - 24a 288 -*
*30a 1207(1209)*
*40a 585 -*
*106 La 50 -*
*117 La 516(514)*
*123 La 777 -*

"He who claims the execution of an obligation
must prove it. On the other hand, he who contends
that he is exonerated, must prove the payment or
the fact which has produced the extinction of the
obligation". *39 a 473 - 20 Annat 146 - Poth*
*Obp 436 M 729 - 12 R 469 - 16a 368 - 18 a 228. 243*

Lapse of time and inaction affect only the question
of evidence. The older the claim, the greater the presump-
tion grows that it has been paid, and the less evidence it
requires to prove the payment. 5 A., 140; 2 La., 480; 3 La.,
169.

But in this case there is no plea of payment, nor
commencement of proof of that fact, and as we have seen
the burden of proof is upon the defendant to establish it.

Judgment affirmed.
November 6th, 1919.